RECEIVED

Judge Ellis
Magistrate Judge Finnegan
PC 9/Direct

MAY 16 2023 SH

THOMAS G. BRUTON
CLERK U.S. DISTRICT COURT

US District Court For the Northern Dist of Illinois

Steven Dlisle JR     Case No. _____

v    Plaintiff     Jury Trial Requested

E. Olszewski     Complaint

**I**     Jurisdiction & venue

This is a civil action authorized by 42 USC
Sec 1983 to redress the deprivation under
color of State law of rights secured by
the Constitution of the United states the court
has Jurisdiction under 28 usc section 1331 and
1343 (a)(3) Plaintiff Seeks declaratory relief
pursuant to 28 usc section 2201 and 2202
Plaintiff claims for injunctive relief are
authorized by 28 USC section 2283 & 2284
and rule 65 of the federal rules of civil
Procedure The united states district Court
Northern District of Illinois is an
appropriate venue under 28 usc section
1391 (b) (2) because it is where the
events giving rise to this claim
occured the court has supplemental
Jurisdiction over plaintiff state law
tort claim under 28 usc 1367

Plaintiffs

**II**    Plaintiff Steven Dlisle JR is and was at all
times mentioned here in a prisoner of
the state of Illinois in the custody of
the Illinois department Corrections she
is currently Confined in Joliet Treatment
Center in Illinois

1 of 8

3 For The Court To Have A Better
Under Standing Of What Continious
Suicide Watch Status Means.
Its When A I.D.O.C. Correctional
Staff Is Placed Infront of A
Prisoner Suicide Cell And Has To
Visually Monitor The Prisoner Behavior
and movement at all times See Exhibit 2

4. On 7/2/22 around 1:57PM Defendants
(E. Olszewski) And (Dr. Dollinger) Had
The Plaintiff Removed off Continious
Suicide Watch Status And Place on
A 10 minute suicide watch a Lesser
suicide Status then the continuous
suicide watch Status, Even After
Being "Aware" And Notified By The
Plaintiff That She Intended To
Attempt Suicide See Exhibit 2 and 3-4

5 At 2:30PM On 7/2/22 Plaintiff Carried
out Her Suicide Threat and attempted
By cutting On Her Testicles untill she
was covered In Blood, which caused
great "Pain" From The Cutting See Exhibit 2 and 4

6 Plaintiff Former Continuous suicidewatch
Status Correctional Officer Found
Plaintiff Bleeding And Wrote A Incident
Report And Notified His Supervisor
Luietenant Buttler Informing Buttler
That While he was on Plaintiff
Continuious Suicide watch Status He

3

verbally Heard The Plaintiff Inform Defendant Olszewski That She was suicidal And was Going To cut Her Self See Exhibit 2

7. Defendant (DR.Dollinger) Was Informed By Defendant olszewski, Through Her Daily Suicide Assessment of The Plaintiff On 7/2/22 at 1:57ᴾᴹ That The Plaintiff Stated To Defendant Olszewski verbally That She was Not In The Right State of mind and still felt suicidal

8. And With The Knowledge of Knowing That The Plaintiff Informed Defendant Olszewski That She was not In The Right State of mind and felt suicidal Defendant DR.Dollinger Disregarded Plaintiff Threats of Suicide And Had Plaintiff Removed off A Continuous Suicide Watch Status See Exhibit 3-4 Which lead To Plaintiff Carring out The act to attempt Suicide By cutting On Her Testicles on 7/2/22 at 2:30 ᴾᴹ Both Defendants (E.olszewski) And (DR.Dollinger) Acts violated Plaintiff Eighth Amendment of The United states Constitution Intentional Disregard of A Known Suicide Risk Failure To Protect Failure To Intervene state law Emotional Distress and Knew about Serious risk of Harm Cruel & unusual punishment deliberate Indifference

4

To A Serious Risk of suicide Failure To Act

9  All Further Events Are Continued Events
    With In The Same Time Period

10 On 8/10/22 Around 1:00 Am Plaintiff
    attempted suicide By cutting Her
    Arm On The Dorm 7 A Wing Yard
    Area. Plaintiff Then notified
    Defendant (Clark) That she cut
    Her self on The left Arm and required
    mental Health Care. Do To Continue To
    Being and feeling suicidal. Clark then placed
    The Plaintiff In A Holding cage
    Aware That plaintiff was still
    Suicidal And Trying To Self Harm Her
    self.

11 Defendant Clark then watch and
    allowed the plaintiff to continue
    to cut on her self and take a shoe
    string and Choke her self in a attempt
    to commit suicide

12 During These Acts Clark Stated to the
    plaintiff that she needed to hang her
    self Right after plaintiff again cut
    her self and choked her self. Plaintiff
    Ask Clark To Get Her medical care

13 Clark then stated over his dead body
    Defendant clark acts constituted
    Deliberate Indifference to Serious medical
    needs and serious medical needs of suicide
    Failure To Act Failure To Intervene State Law

5

Emotional distress This violated Plaintiff Eighth Amendment of The United States constitution see Exhibit 2 and 5

14 On 8/19/22 Defendant (Stevenson) came To Plaintiff Suicide watch cell and began to conduct a interview with the plaintiff To monitor Plaintiff Daily suicide safety

15 Plaintiff then Informed Stevenson that She was not to good and having suicidal thoughts and was thinking about Cutting her self See Exhibit 6

16 Stevenson then disregarded plaintiff threat of suicide and walk off and left plaintiff un supervised or with Out being placed on a Continuious suicide watch status

17 Plaintiff Then began to cut her self So deep on her left arm until she was in "Pain" and covered in blood With a large gash cut in her arm which has left a permanent gash on Plaintiff left arm

18 Defendant (Stevenson) Acts Constituted Deliberate Indifference to a serious medical Need of suicide Failure To Act Failure To Intervene State law Emotional Distress This violated Plaintiff Eighth Amendment of The United States Constitution see Exhibit 2 and 6-8

6

VI                    Exhaustion of Legal Remedies

Plaintiff Steven Dzisle JR used the prisoner
grievance procedure available a the
Joliet Treatment center to try and solve
The problem see Exhibit 2

VII                    Legal claims

Plaintiff Reallege and incorporate by reference
paragraphs 1-7 Intentional disregard of a known
Suicide Risk deliberate Indifference to a serious
medical need and Serious Medical need of Suicide
Failure To Intervene Failure To Act State law
Emotional Distress Cruel & unusual Punishment
violation under the Eigwth amendments to
the united States constitution Illinois State laws
the plaintiff has no plain adequate or complete
remedy at law to redress the wrongs
described here in plaintiff has been
and will continue to be irreparably
Injured by the conduct of the defendants
unless this court grants the declaratory
and injunctive relief which plaintiff
seeks

VIII                    Prayer For Relief

WhereFore plaintiff respectfully prays
that this court enter Judgment granting
plaintiff a declaration the acts and
omissions described here in violated
plaintiffs right under the constitution and laws
of the united states A preliminary and permanent
injunction ordering defendants to

(1) To Place The Plaintiff On Continuous Suicide watch at all times at The Joliet Treatment Center In regards That The plaintiff is placed on suicide watch The Plaintiff Continuous suicide watch Status should only be allowed to be discontinued after the plaintiff verbally informs mental health employees that she is nolonger feeling suicidal Compensatory damage 10,000,000 million dollars against each defendant Jointly and Severally Punitive damages in the amount of 10,000,000 million dollars against each defendant a Jury trial on all issues triable by Jury plaintiffs Cost in this suit the maxium of money damage and available injunctive relief allowed by state Claims any additional relief the court deems Just proper and equitable Date 5-7-23 ∼∼∼∼ respectfully Submitted Steven Dusie JR R40159 Joliet treatment Center 2848 W mcdonough street Joliet IL 60436      verification

I have read the foregoing complaint and hereby verify that the matters alleged there in are true except as to matters alleged on information and belief and as to those I believe them to be true I certify under penalty of perJury that the fore going is true and correct executed Joliet Illinois on 5-7-27 Signature ∼∼∼∼∼

8

# Exhibit

| | |
|---|---|
| 1 | Previous Lawsuit |
| 2 | Declaration |
| 3 | medical report |
| 4 | medical report |
| 5 | Declaration |
| 6 | medical report |
| 7 | medical report |
| 8 | Declaration |
| 9 | grievance response |
| 10 | grievance |
| 11 | medical report |

1

## Previous lawsuits

Small claims state claims 2-3  Status Closed

Federal 1983 Civil Rights        Status

Lisle v Rightious  No 21 CS0293      Pending

Lisle v Hammes  No 22 C S0112      Pending

Lisle v Ditzler  No 22 C S0338      Pending

Lisle v Kalwik    No 22 C S0122     Pending

Lisle v Simpson    No 23 cv S0103      Pending

Lisle v Butler   No 15 cv 965       closed

Lisle v Butler  No 16 cv 421       Closed

Lisle v Butler   No 16 cv 422      closed

Lisle v Mirsky  No 16 cv 4212      Closed

Lisle v Hinton  No 19 cv 5851      Closed

Lisle v Lawrence  No 19 cv 435   closed

Lisle v Prentice  No 18 cv 1396   Closed

Lisle v Prentice  No 18 cv 1395  closed

Lisle v Prentice  No 18 cv 1210  closed

Lisle v Renzi  No 18 cv 1187    Closed

Lisle v Davis  No 18 cv 1177  closed

Lisle v Fox  No 18 cv 1176  closed

Lisle v Smith  No 17 cv 1517    closed

Lisle v Prentice  No 17 cv 1507  closed

Lisle v Hinton  No 17 cv 1488  closed

Lisle v Melvin  No 17 cv 1336  Closed

Lisle v Goldman  No 18 cv 1736  closed

Lisle v Prentice  No 17 cv 1327  closed

Lisle v Hadsal  No 17 cv 1354  closed

Lisle v Fike  No 17 cv 1375  closed

Lisle v Baldwin  No 17 cv 1158  closed

Lisle v Dillon  No 18 cv 1103  closed

Lisle v Sizemore  19 cv 163  closed

Lisle v Lawrence  19 cv 427  closed

To Best of Knowledge the above Federal Lawsuits

have been Filed

Exhibit
2

US Dist Court For The Northern Dist of Illinois

Lisle v. TOLISZEWSKI                    NO _____

Declaration of Steven DLisle JR#R40159

I State all information Stated in plaintiff motion for counsel
and Complaint are true and correct to the best
of my knowledge

Declaration of penalty of perjury
I State that all information stated above
Is true and correct to the best of my knowledge
B/Steven ~~~~~ 28USC§1746    4/30/2023

**Illinois Department of Corrections**

**Mental Health Progress Note**

Joliet Treatment Center

Facility

**Session Date:** 7/2/2022      **Time:** 1:57 pm      **Session Duration:** 15 minutes

**Name of Individual in Custody:** (Last, First) Lisle, Steven      **ID Number:** R40159

| Part I: Information of Individual in Custody |
|---|

**Level of Care:** ☐ General/Outpatient ☒ Special/Residential Treatment Unit ☒ Crisis Placement ☐ Inpatient

**MSR:** 09/24/2040      **Discharge:** 09/24/2043

**Check all that apply:** ☒ Designated SMI ☐ Designated GBMI ☐ On Enforced Medication ☐ None

☐ No face-to-face contact occurred
(If checked, skip Brief Mental Status Evaluation section, document information in Part III)

☐ Completed by Behavioral Health Technician
(If checked, skip Brief Mental Status Evaluation section, document information in Part III)

| Part II: Brief Mental Status Evaluation |
|---|

| Level of Cooperation: | ☒ Cooperative | ☐ Guarded/Suspicious | ☐ Hostile | ☐ Uncooperative |
|---|---|---|---|---|
| Orientation: | ☒ Ox3 (Time, place, person) | ☐ OX _____ (list:) _____ | | ☐ Disoriented |
| Affect: | ☒ Unremarkable | ☐ Constricted | ☐ Blunt/Inexpressive | ☐ Flat ☐ Labile |
| Appearance: | ☒ Appropriately Groomed | ☐ Disheveled | ☐ Poor Hygiene | |
| Thought Process: | ☒ Clear/Coherent | ☐ Circumstantial | ☐ Tangential | ☐ Perseveration |
| | ☐ Loose Association | ☐ Word Salad/Incoherent | ☐ Thought Blocking | |

### Part III: S.O.A.P. Note

**S** =subjective, Individual in Custody self-report of presenting problem; **O** = objective, clinician view of presenting problem; **A** = assessment, clinician assessment of Individual in Custody; **P** = plan, current plan, link to treatment plan

S: Resident was seen for daily crisis watch assessment. Resident was on a continuous crisis watch at the time of assessment. Resident refused a confidential setting. Resident reported feeling, "not in the right state of mind, still suicidal." Resident was prompted to discuss recent change in thought patterns that would trigger a lasting episode of reported suicidality. Resident responded, "I'm in seg." Resident reported having a restrictive housing out date of 2023. Resident was prompted to identify how resident had previously managed to remain stable despite restrictive housing placement. Resident reported, "I watched TV." Resident was encouraged to identify alternative coping skills, to which resident stated, "I don't know any. Oh, exercise." This writer educated resident on four-square breathing. Resident was receptive. Resident reported self-injuring their testicle yesterday at approximately 5:00 PM. Resident reported being seen by medical staff. Resident identified acts of self-harm as, "relief." Resident was prompted to elaborate upon what type of relief, to which resident stated, "All around." Resident reported living for their out date of 2040 and for family. Resident reported having a solid support system. Resident reported wanting to stay on a continuous crisis watch, "Probably until next week." Resident was prompted to elaborate upon why they decided on next week, to which resident stated, "Well I just self-injured yesterday, so. Maybe my mood will change." Resident reported eating and sleeping appropriately. Resident endorsed anxiety and depression, stating, "I've been locked up for over 20 years, of course I have anxiety and depression." Resident denied feelings of paranoia or agitation. Resident's crisis logs reflect that

| | |
|---|---|
| Clinician Name (Print): E. Olszewski, M.A., LPC | Signature: _____ |
| Facility: Joliet Treatment Center | Title: QMHP |

*Printed on Recycled Paper*

Distribution: Medical File      DOC 0282 (Rev. 09/2021)

IDOC_000971

Illinois Department of Corrections

**Mental Health Progress Note**

Joliet Treatment Center

Facility

**Session Date: 07/01/2022**          **Time: n/a**          **Session Duration: n/a**

**Name of Individual in Custody:**(Last, First) Lisle, Steven          **ID Number:** R40159

| Part I:  Information of Individual in Custody |
|---|

**Level of Care:** ☐ General/Outpatient   ☐ Special/Residential Treatment Unit   ☒ Crisis Placement   ☐ Inpatient

**MSR: 09/24/2040**                      **Discharge: 09/24/2043**

**Check all that apply:** ☒ Designated SMI   ☐ Designated GBMI   ☐ On Enforced Medication   ☐ None

☒ No face-to-face contact occurred
(If checked, skip Brief Mental Status Evaluation section, document information in Part III)

☐ Completed by Behavioral Health Technician
(If checked, skip Brief Mental Status Evaluation section, document information in Part III)

| Part II:  Brief Mental Status Evaluation |
|---|

Level of Cooperation:   ☐ Cooperative   ☐ Guarded/Suspicious   ☐ Hostile   ☐ Uncooperative

Orientation:   ☐ Ox3 (Time, place, person)   ☐ OX _____ (list:) _____   ☐ Disoriented

Affect:   ☐ Unremarkable   ☐ Constricted   ☐ Blunt/Inexpressive   ☐ Flat   ☐ Labile

Appearance:   ☐ Appropriately Groomed   ☐ Disheveled   ☐ Poor Hygiene

Thought Process:   ☐ Clear/Coherent   ☐ Circumstantial   ☐ Tangential   ☐ Perseveration
☐ Loose Association   ☐ Word Salad/Incoherent   ☐ Thought Blocking

### Part III:  S.O.A.P. Note
**S** =subjective, Individual in Custody self-report of presenting problem;**O** = objective, clinician view of presenting problem;
**A** = assessment, clinician assessment of Individual in Custody; **P** = plan, current plan, link to treatment plan

Resident was placed on crisis watch on 06/26/22. The treatment team reviewed resident's treatment plan objectives at the 7-day mark. Resident has made little progress while stabilizing on watch. Appropriate objectives exist to address the current crisis watch. No treatment plan updates are currently needed.

| Clinician Name (Print):  C. Korten, PsyD | Signature: _CKL eoro_ |
|---|---|
| Facility: Joliet Treatment Center | Title: Postdoc Psychologist |

Distribution:  Medical File        *Printed on Recycled Paper*        DOC 0282 (Rev. 09/2021)

IDOC_000970

Illinois Department of Corrections

**Mental Health Progress Note**

Joliet Treatment Center

Facility

Session Date: 7/2/2022       Time: 1:57 pm       Session Duration: 15 minutes

Name of Individual in Custody:(Last, First) Lisle, Steven       ID Number: R40159

resident was standing on his sink and his desk masturbating to continuous watch staff yesterday. This writer did not observe an episode of self-harm or medical staff intervention on resident's crisis logs. Consultation with security staff indicated zero additional acute behavioral concerns.

O: Resident was alert and oriented x3. Resident presented as euthymic with even and congruent affect. Resident speech, tone and volume were unremarkable. Resident's thought process and content were clear and coherent. Resident's insight and judgment appeared poor as resident was able to identify several things to live for and appeared motivated to see their out date, yet perpetuated suicidal ideation over restrictive housing placement. Resident's eye contact and hygiene appeared fair. Resident's behavior was unremarkable.

A: LOC: Crisis, BMU. Per psychiatry, resident has diagnoses of Antisocial personality disorder; Borderline personality disorder; and Gender dysphoria.

P: Resident benefitted from interaction through encouragement to achieve treatment goals and communicate mental health concerns with mental health staff. Per licensed MHP Dr. Dollinger, Psy.D., resident to move to a 10-minute suicide watch at this time. Property includes a safety smock, safety blanket and safety mattress. An MHP will follow up daily to reassess. Prognosis is poor due to resident's persistent reported suicidality and reported self-harm.

At approximately 2:30 PM this writer was informed by Dorm 7 control staff that resident had self-injured their testicle. Resident stated, "I told you I was suicidal and you moved me up." Resident was educated about the crisis protocol and encouraged to communicate current feelings of distress. Resident responded, "I don't want to talk," prematurely terminating reassessment. Resident was ordered into four-point therapeutic restraints at 3:00 PM per Dr. Dollinger, Psy. D., and Dr. Martin, MD.

Clinician Name (Print): E. Olszewski, M.A., LPC       Signature:

Facility: Joliet Treatment Center       Title: QMHP

*Printed on Recycled Paper*

Distribution: Medical File       DOC 0282 (Rev. 09/2021)

IDOC_000972

ILLINOIS DEPARTMENT OF CORRECTIONS
## Order for the Use of Restraints for Mental Health Purposes

Joliet Treatment Center
Facility

**Offender Name:** _Lisle Steven_          **ID #:** _R40159_

| Medical Conditions* | Yes | No |
|---|---|---|
| Asthma/Respiratory: | ☐ | ☑ |
| Obesity: | ☐ | ☑ |
| Cardiac History: | ☐ | ☑ |
| Blood Clots: | ☐ | ☑ |
| Other: _____ | ☐ | ☐ |

**\*If any of these conditions exist, Physician/Psychiatric Provider must be consulted.**

_Gabriel Ifejiasi_          _G Ifejiasi_          _7/2/22_
Print Name of Evaluating RN    Signature of Evaluating RN    Date of Evaluation

**Rationale for use of restraints** (Include events leading up to the need for the restraints and any less intrusive means of intervention used.):
_PATIENT SAYS HE POKED HIS SCROTUM WITH A STAPLE_

**Parameters required to remove an offender from restraints** (i.e. no longer agitated or engaged in self-harm, etc.):
_PATIENT TO BE CALM AND CONTRACT FOR SAFETY_

_J. G. Martin MD_          _7-2-22_          _3°°_          ☐ a.m. ☑ p.m.
Signature                          Date                  Time

_PSYCHIATRIST_
Title

## Initial Restraint Order (Max 4 hrs)

_J. G. MARTIN MD_          _PSYCHIATRIST_
Physician/Psychiatric Provider/Licensed Clinical Psychologist          Title

Contacted By: _____          _7-2-22_          _3°°_          ☐ a.m. ☐ p.m.
                                   Date                  Time

Length of Time for Order: _4 HOURS_   Vital Sign Checks (every 4 hours minimum): _2 hrs_

Start Time: _3°°_ ☐ a.m. ☑ p.m.   End Time: _7°°_ ☐ a.m. ☑ p.m.

_J. G. Martin MD_          _PSYCHIATRIST_
Signature of ordering Physician/Psychiatric Provider/Licensed Clinical Psychologist          Title

_____          _____
Crisis Team Member (if applicable)          Title

_D/C order_

Distribution:   Medical File          Page 1 of 2          DOC 0376 (Rev. 8/2020)
                          *Printed on Recycled Paper*          IDOC_000973

Exhibit 
5

US Dist Court For The Northern Dist of Illinois
Lisle v Clark                              NO.

Declaration of **Brandale Blackburn**        M54199
                Name                            ID#

ON 8-10-22 @ approx 12:00 AM - 1:00 Am while on Dorm 7
A-wing Seg yard i witness Resident Steven D. lisle Jr
Cut himself which resulted into him Bleeding Badly. While
Mr. lisle was coming in off the yard to be seen by
the nurse due to a fire. i heard mr. lisle tell Nurse Abby & the
other Nurse (Jane Due) that "He needed medical treation he cut up
& he was bleeding" which i heard the nurses tell mr lisle
"Okay" but did Nothing in put him in the holding tank
with out cleaning his cut wound. Now couple hours later
I heard mr lisle Screaming out in pain due to him Self harming
in the holding tank. At this time i heard mr lisle tell mr
Clark (CTOS) "that he needed medical treatment that he
was bleeding" Then i heard CTOS mr clark tell mr lisle
"you gotta cut better than that" I seen Bigger and
Better disregarding his request for medical treatment
Then Shortly after mr lisle tie a string around his Neck
Attempting to Committ Suicide

#1                                          9/20/22
                                              Date
Declaration under penalty of perjury I state
all information stated above is true and correct to the
best of my knowledge 28 USC $ 1746

Exhibit 6

Illinois Department of Corrections

**Mental Health Progress Note**

Joliet Treatment Center

Facility

**Session Date:** 8/19/2022          **Time:** 9:23 am          **Session Duration:** approx. 7 mins

**Name of Individual in Custody:** (Last, First) Lisle, Steven          **ID Number:** R40159

| Part I: Information of Individual in Custody |
|---|

**Level of Care:** ☐ General/Outpatient   ☐ Special/Residential Treatment Unit   ☒ Crisis Placement   ☐ Inpatient

**MSR:** 9/24/2040          **Discharge:** 9/24/2043

**Check all that apply:** ☒ Designated SMI   ☐ Designated GBMI   ☐ On Enforced Medication   ☐ None

☐ No face-to-face contact occurred
   (If checked, skip Brief Mental Status Evaluation section, document information in Part III)

☐ Completed by Behavioral Health Technician
   (If checked, skip Brief Mental Status Evaluation section, document information in Part III)

| Part II: Brief Mental Status Evaluation |
|---|

| Level of Cooperation: | ☒ Cooperative | ☐ Guarded/Suspicious | ☐ Hostile | ☐ Uncooperative |
|---|---|---|---|---|
| Orientation: | ☒ Ox3 (Time, place, person) | ☐ OX _____ (list:) _____ | | ☐ Disoriented |
| Affect: | ☒ Unremarkable | ☐ Constricted | ☐ Blunt/Inexpressive | ☐ Flat | ☐ Labile |
| Appearance: | ☒ Appropriately Groomed | ☐ Disheveled | ☐ Poor Hygiene | |
| Thought Process: | ☒ Clear/Coherent | ☐ Circumstantial | ☐ Tangential | ☐ Perseveration |
| | ☐ Loose Association | ☐ Word Salad/Incoherent | ☐ Thought Blocking | |

### Part III: S.O.A.P. Note

**S** =subjective, Individual in Custody self-report of presenting problem; **O** = objective, clinician view of presenting problem;
**A** = assessment, clinician assessment of Individual in Custody; **P** = plan, current plan, link to treatment plan

Client declined to meet in a confidential setting and agreed to speak door front. Session was ended early due to no further engagement from Client.

S: Client was standing door front when this MHP approached. Client was allotted the full 15 minute session but concluded the session after approximately 7 minutes. Lisle's reported was "not too good." Lisle stated, "I'm having suicidal thoughts. I'm thinking about cutting. Long term seg is fucking with me. I been in seg for the last 8 months." Lisle stated that Lisle wanted to be put on a constant watch status or go back into 4 pt restraints. Lisle stated, "I want somebody to talk to to keep me from harming myself. If they not gonna put me on a continuous then I'm gonna go back in 4 pts." Lisle stated, "instead of taking my rage out on someone else I start self-harming." Impulse control, coping skills, and accountability were discussed with Lisle. The coping skills reported by Lisle were "tv and tablet." Lisle endorsed SI and SIB. Lisle denied HI and AH/VH. Lisle stated the plan for SIB was to "cut up." Lisle reported compliance with psychotropic medications at this time. Lisle reported medication effectiveness at this time.

O: Client was Ox3 with clear and coherent thought process. Unremarkable mood and affect. No signs of distress and mild agitation. Client was not observed to be responding to internal stimuli. Dress and hygiene appropriate. Fair eye

| | |
|---|---|
| Clinician Name (Print): J. Stephenson, LPC | Signature: _J. Stephenson LPC_ |
| Facility: Joliet Treatment Center | Title: QMHP |

Distribution: Medical File          *Printed on Recycled Paper*          DOC 0282 (Rev. 09/2021)

IDOC_000921

Exhibit 22
22

**Facility:** Joliet Treatment Center

**Offender Name:** _Lisle, Steven_          **ID #:** _R40159_

**Extension of Original Order (Max 16 hrs)**   Start Time: _____ ☐ a.m. ☐ p.m.   End Time: _____ ☐ a.m. ☐ p.m.

**Rationale for Extension of Restraints**

_____
_____
_____
_____
_____
_____

_____      _____
Physician/Psychiatric Provider/Licensed Clinical Psychologist      Title

☐ a.m. ☐ p.m.

_____      _____      _____
Contacted By (if applicable)          Date          Time

_____      _____
Signature of ordering Physician/Psychiatric Provider/Licensed Clinical Psychologist      Title

**Rationale for Removal of Restraints** _Resident Lisle able to Contract for Safely_
_"I'm fine now, I'm not suicidal or homicidal"._
_____
_____
_____

_O. Cassin_          _[signature]_ DO
Physician/Psychiatric Provider/Licensed Clinical Psychologist          Title

_08/18/22_      _2:00_ ☐ a.m. ☒ p.m.
Date          Time

_____          _____
Contacted By (if applicable)          Date          Time

_[signature]_
Signature of ordering Physician/Psychiatric Provider/Licensed Clinical Psychologist          Title

☐ a.m. ☐ p.m.

_____      _____      _____
Clinical Assessment by:          Date          Time

**Notifications**

|  | Original Notification | | | Notification of Removal | | |
|---|---|---|---|---|---|---|
| _Brown_<br>Shift Supervisor | _8/18/22_<br>Date | _10:00_<br>Time | ☒ a.m.<br>☐ p.m. | _8/18/22_<br>Date | _1:30_<br>Time | ☐ a.m.<br>☒ p.m. |
| _Dr. Larry_<br>DAO/CAO | _8/18/22_<br>Date | _10:00_<br>Time | ☒ a.m.<br>☐ p.m. | _8/18/22_<br>Date | _1:30_<br>Time | ☐ a.m.<br>☒ p.m. |
| _C. Kepiasi_<br>Health Care | _8/18/22_<br>Date | _10:00_<br>Time | ☒ a.m.<br>☐ p.m. | _8/18/22_<br>Date | _1:30_<br>Time | ☐ a.m.<br>☒ p.m. |
| _Dr. Woods_<br>Crisis Team Leader |  |  |  | _8/18/22_<br>Date | _1:30_<br>Time | ☐ a.m.<br>☒ p.m. |

Illinois Department of Corrections

**Mental Health Progress Note**

Joliet Treatment Center

Facility

**Session Date: 8/19/2022**          **Time: 9:23 am**          **Session Duration: approx. 7 mins**

**Name of Individual in Custody:**(Last, First) Lisle, Steven          **ID Number:** R40159

contact. Cell was tidy. Insight and judgment: poor.

A: Level of Care: Crisis. Diagnosis: Antisocial Personality Disorder, Borderline Personality Disorder, and Gender Dysphoria, per psychiatry.

P: Per consultation with MHUD Russell and the treatment team, Client remained on a 10 minute watch status. Property restricted for safety. Property: Refer to DOC0450 for approved property per treatment team. Daily crisis watch assessment by a QMHP for the duration of his crisis watch placement. Increased psychiatry contact to every 14 days or sooner as indicated. Client benefited from active listening and ongoing therapeutic presence. Prognosis: poor

Clinician Name (Print):  J. Stephenson, LPC          Signature: _J. Stephenson LPC_

Facility: Joliet Treatment Center          Title: QMHP

Distribution:  Medical File          *Printed on Recycled Paper*          DOC 0282 (Rev. 09/2021)

IDOC_000922

Exhibit



ILLINOIS DEPARTMENT OF CORRECTIONS
## Order for the Use of Restraints for Mental Health Purposes

JOLIET TREATMENT CENTER
Facility

Offender Name: LISLE   STEVEN          ID #: R40159

| Medical Conditions* | Yes | No |
|---|---|---|
| Asthma/Respiratory: | ☐ | ☑ |
| Obesity: | ☑ | ☐ |
| Cardiac History: | ☐ | ☑ |
| Blood Clots: | ☐ | ☑ |
| Other: _____ | ☐ | ☐ |
| _____ | ☐ | |
| _____ | ☐ | |

**\*If any of these conditions exist, Physician/Psychiatric Provider must be consulted.**

S Potter, RN
Print Name of Evaluating RN

S Potter RN
Signature of Evaluating RN

8/19/2022
Date of Evaluation

**Rationale for use of restraints** (Include events leading up to the need for the restraints and any less intrusive means of intervention used.):

PATIENT SCRATCHED HIS PATIENTS (L) UPPER ARM AND SAYS THAT THE PATIENT IS SUICIDAL. Resident unable to contract for Safety

**Parameters required to remove an offender from restraints** (i.e. no longer agitated or engaged in self-harm, etc.):

PATIENT TO BE CALM AND CONTRACT FOR SAFETY

T.G. Martin M.D
Signature

8-19-22
Date

1:10     ☐ a.m. ☑ p.m.
Time

PSYCHIATRY
Title

---

### Initial Restraint Order (Max 4 hrs)

T.G. MARTIN M.D
Physician/Psychiatric Provider/Licensed Clinical Psychologist

PSYCHIATRIST
Title

Contacted By: _____ SELF

8-19-22
Date

1:10     ☐ a.m. ☑ p.m.
Time

Length of Time for Order: _____ 4 HOURS

Vital Sign Checks (every 4 hours minimum): _____ 2 HOURS

Start Time: 1:10   ☐ a.m. ☑ p.m.          End Time: 5:10   ☐ a.m. ☑ p.m.

T.G. Martin M.D
Signature of ordering Physician/Psychiatric Provider/Licensed Clinical Psychologist

PSYCHIATRIST.
Title

_____
Crisis Team Member (if applicable)

_____
Title

0029

US Dist court For The Northern Dist of Illinois
Lisle v Johnson                    NO.—————

Declaration of <u>Brandale Blackburn</u> M54199
                        Name                    ID#

ON 8-19-22 @ approx 9:00-12:00pm I, Brandale
Blackburn Personally heard President Steven D.
lisle, jr tell CTO Johnson and Mental health
Ms Stevenson that "he felt suicidal and that
he was going to cut himself and they both
laughed and did nothing failing to intervene."
Shortly after, mr lisle self harm, and Went in
4 point Restraint.

S/ Brandale Blackburn                    9/4/22
                                          Date
Declaration under penalty of perjury
I state all information stated above is True and
Correct to the best of my knowledge 28 USC $1746

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE**

| Grievance Officer's Report |
|---|

Date Received: 02/22/2023    Date of Review: 02/22/2023    Grievance # (optional): 02.53.23

Offender: Lisle, Steven    ID#: R40159

**Nature of Grievance:**

Medical Treatment

**Facts Reviewed:**

All information submitted to the Grievance Officer by the Resident and Institutional Staff pertaining to these issues being grieved have been thoroughly reviewed. Individual in Custody is requesting to be seen by medical.

Information gathered by Counselor I N. Rossi states that per NP Anooshah, " S. Lisle has had this issue for a very long time. Lisle was seen in October by medical where this was discussed. The discomfort is from self-harm history. This is something that Lisle will have to deal with as there is no cure. Lisle is on Tylenol and Robaxin. The discomfort can get worse during the cold season."

Resident Lisle marked this grievance as an emergency, CAO Warden Larry determined that an emergency is not substantiated. This Grievance Officer concedes that this Grievance was appropriately responded to at the 1st level.

**Recommendation:**

Based upon a total review of all available information this Grievance Officer recommends that the Resident's Grievance be Moot as medical staff has already addressed this issue with Resident Lisle.

B. Langan

Print Grievance Officer's Name                    Grievance Officer's Signature
**(Attach a copy of Offender's Grievance, including counselor's response if applicable)**

| Chief Administrative Officer's Response |
|---|

Date Received: 2-23-23    ☒ I concur    ☐ I do not concur    ☐ Remand

Action Taken:

**RECEIVED**

MAR 2 4 2023

ADMINISTRATIVE
REVIEW BOARD    2-24-23

Chief Administrative Officer's Signature                    Date

| Offender's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must, within 30 days after the date of the Chief Administrative Officer's decision, be received by the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. **(Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)**

Offender's Signature        R40159        3-23-23
                            ID#          Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO OFFENDER'S GRIEVANCE** (Continued)

*Printed on Recycled Paper*

JTC 0253.23   Housing Unit: D 8 A   Bed #: 1

Assigned Grievance #/Institution:

1st Lvl rec: FEB 15 2023

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**Offender's Grievance**

2nd Lvl rec:

| Date: 2-15-23 | Offender (please print): Lisle, Steven | ID #: R40159 | Race (optional): Female Black |

| Present Facility: Joliet Treatment Center   JTC | Facility where grievance issue occurred: JTC |

**Nature of grievance:**

- [ ] Personal Property
- [ ] Mail Handling
- [✓] Medical Treatment
- [ ] ADA Disability Accommodation
- [ ] Staff Conduct
- [ ] Dietary
- [ ] HIPAA
- [ ] Restoration of Sentence Credit
- [ ] Transfer Denial by Facility
- [ ] Other (specify): _____
- [ ] Disciplinary Report

_____   _____
Date of report                Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance".**

> **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
> **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
> **Chief Administrative Officer,** only if **EMERGENCY** grievance
> Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal-property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

I've Been requesting to be seen by medical for nerve damage and my wrist and Right hand's locking up on me. where I cant use my right hand my entire hand is burning and nerve pain This violates my usc 8th Amend medical care

[ ] Continued on reverse

**Relief Requested:**

I Seen By medical

[✓] Check **only** if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is **NOT** an emergency grievance.

| Offender's Signature | R40159   ID# | 2-15-23   Date |

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)   Date Received: _____   [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

Per NP Aroobah, "S. Lisle has had this issue for a very long time. Lisle was seen in October by medical where this was discussed. The discomfort is from self-harm history this is something that Lisle will have to deal with as there is no cure. Lisle is on Tylenol and Robaxin. the discomfort can get worse during the cold season."

| Nr Bass   Print Counselor's Name | Sign Counselor's Name | 2-21-23   Date |

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW**   Date Received: 2-15-23

Is this determined to be of an emergency nature?

[ ] Yes, expedite emergency grievance

[✓] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

f/u Medical

| Chief Administrative Officer's Signature | 2/16/23   Date |

Distribution: Master File; Offender                Page 1 of 2                DOC 0046 (Rev. 01/2020)

Assigned Grievance #/Institution: _____ J T C _____          Housing Unit: D 8A   Bed #: 1 1

1st Lvl rec: ___✓___

**ILLINOIS DEPARTMENT OF CORRECTIONS**
**Offender's Grievance**

2nd Lvl rec: _____

JTC

Name: Lisle

Number: R40159

Date: 3/31/22

Nurse: Brady

o injured
noted
a this
time

ILLINOIS DEPARTMENT OF CORRECTIONS

**Medical Services Refusal**

JTC
Facility

( ) Employee
( ) Offender

Date: 07, 4, 2022
Time: 1655    ☐ a.m.  ☑ p.m.

Patient Information:
Lisle          Steven          ID#: R40159
Last Name      First Name      MI

☑ **Refusal of Services**

I refuse to authorize the performance upon myself or ___Lisle  STEVEN___
                                                    Name of Patient

of the following treatment/medication ___Medical   care / Assessment___
                                      State nature and extent of treatment or medication and dosage instructions

☐ **Discharge Demand**

I further demand DISCHARGE of myself or_____
                                                    Name of Patient

from _____ against the advice of Dr. _____
        Name of Medical Facility                                    Name of Doctor

Dr. ___Henze___ has explained the risks to me, possible complications and probable
       Name of Doctor

consequences of refusing treatment/medication or demanding discharge from this medical facility or both.

I hereby release the Attending Physician, the ___JTC___, the Facility, and
                                            Name of Medical Facility

the Department of Corrections from all liability for damages or any injuries including to my health caused by or arising out of this

refusal whether foreseen or unforeseen.

I certify that I have read and fully understand the above REFUSAL OF TREATMENT/MEDICATION OR DISCHARGE DEMAND
FROM MEDICAL FACILITIES RELEASE OR BOTH, that the explanations therein referred to were made, and that all blanks or
statements requiring insertion or completion were filled in and inapplicable paragraphs, if any, were stricken before I signed.

| | |
|---|---|
| LISLE  STEVEN | When patient is a Minor or Incompetent to give consent: |
| Print Name of Patient | Print Name of Person Authorized to Consent |
| Unable to Sign | |
| Signature of Patient | Signature of Person Authorized to Consent |
| 02, 04, 2022 | |
| Date | Date |
| Jennifer / Charles | Charles 7, 4, 22 |
| Print Name of Witness | Signature of Witness        Date |

IDOC_000752

Distribution: Patient's Medical Record or File

Steven D Lisle JR # R40159
Joliet Treatment Center
2848 W mc donough Street
Joliet IL 60436

This Correspondence
is from an inmate of
the Illinois Department
of Corrections



23cv3071
Judge Ellis
Magistrate Judge Finnegan
PC 9/Direct

Prisoner Correspondence
Clerk's office
U.S. District Court
219 South Dearborn
Street, 20th Floor
Chicago, IL 60604

05/16/2023-2

Legal mail